**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4172**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DERRICK LAMONT MASSENBURG,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:08-cr-00092-BO-1)

Submitted: May 17, 2010        Decided: June 18, 2010

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Massenburg timely appeals from the 363-month sentence imposed following his guilty plea to one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (2006) (Count 1), one count of armed bank robbery and aiding and abetting same, in violation of 18 U.S.C. §§ 2, 2113(a), (d) (2006) (Count 2), one count of carrying a firearm during a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2006) (Count 3), and one count of escape and aiding and abetting same, in violation of 18 U.S.C. §§ 2, 751 (2006) (Count 4). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court properly denied Massenburg's motion to dismiss Count 3 and motion for new counsel, and whether the district court erred in overruling Massenburg's objection to the two-level obstruction of justice enhancement. Massenburg has not filed a pro se brief, though he was informed of his right to do so. However, Massenburg recently filed a notice of supplemental authorities, pursuant to Federal Rule of Appellate Procedure 28(j), arguing that his sentence on Count 3 is unconstitutional. Finding no reversible error, we affirm.

Massenburg first questions whether the district court properly denied his pro se motion to dismiss Count 3 after

2

entering his guilty plea. The district court properly treated Massenburg's motion as one to withdraw his guilty plea. A defendant may be permitted to withdraw his guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). However, because there is no "absolute right to withdraw a guilty plea, . . . the district court has discretion to decide whether a fair and just reason exists." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted). Thus, we review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007).

We consider the following factors in determining whether a defendant should be permitted to withdraw his guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991); see also Bowman, 348 F.3d at 414. However, "[t]he most important consideration in resolving a motion to withdraw a guilty plea is

an evaluation of the Rule 11 colloquy at which the plea was accepted." Bowman, 348 F.3d at 414. A properly conducted Rule 11 colloquy "raise[s] a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

First, counsel does not identify any error in the plea colloquy or assert that Massenburg's plea was not knowing or voluntary. Our review of the record reveals that the district court substantially complied with the Rule 11 requirements in accepting Massenburg's guilty plea. Second, Massenburg did not credibly assert his innocence. Both in his motion and during the sentencing hearing, Massenburg admitted that his co-defendant carried a gun during the robbery. Massenburg also admitted at the sentencing hearing that he carried the gun during his escape from the robbery.

Turning to the remaining factors, although the district court determined the two-month delay between the guilty plea and motion was not unreasonable, this is arguably the only factor weighing in Massenburg's favor. But see Moore, 931 F.2d at 248 (finding that six-week delay between guilty plea and motion to withdraw was too long). Moreover, although Massenburg sought to have new counsel appointed two months after he pled guilty, the record does not show that counsel provided ineffective assistance. Additionally, allowing Massenburg to

4

withdraw his guilty plea would also prejudice the Government and waste judicial resources, due to the passage of time and the fact that a trial would be necessary.  Accordingly, we find that the district court did not abuse its discretion in denying Massenburg's motion.

Massenburg next questions whether the district court erred in denying his motion for new counsel.  "[A] defendant does not have an absolute right to substitution of counsel. . . .  As a general rule, a defendant must show good cause in requesting a new appointed lawyer."  United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994).  We review the district court's denial of new counsel for abuse of discretion, considering the following factors: "[t]imeliness of the motion; adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense."  Id.

We conclude that Massenburg did not timely move for new counsel, considering his motion was not made until more than two months after he pled guilty.  Additionally, it is clear that the district court adequately inquired into Massenburg's complaint during the sentencing hearing.  Finally, it does not appear that the conflict between Massenburg and counsel was so great that it prevented an adequate defense, considering that

5

Massenburg repeatedly admitted guilt as to Counts 1, 2, and 4, and also admitted that he carried the gun while escaping. Therefore, we find that the district court did not abuse its discretion in denying Massenburg's motion for new counsel.

Finally, Massenburg questions whether the district court erred in applying a two-level enhancement for obstruction of justice. We review the district court's determination that the defendant obstructed justice for clear error. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005).

Counsel objected to the enhancement, claiming that the information used to apply it was obtained by way of proffer. However, the Presentence Investigation Report reveals that the information was obtained from recorded telephone conversations that took place prior to the proffer. Therefore, we find that the district court did not clearly err in applying the enhancement for obstruction of justice.

In accordance with Anders, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6